Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Attorneys for Plaintiff ANTONIO DIAZ,
on behalf of herself and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DIAZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSON'S LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: 8:16-cv-00257 DSF (JEMx)<br>Honorable Dale S. Fischer<br>Courtroom 7D<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**<br><br>Date:   March 19, 2018<br>Time:  1:30 p.m.<br>Room: 7D<br><br>Action filed: January 13, 2016 |

.

- i -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Case No. 8:16-CV-00257 DSF (JEMx)
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................... 1

II.    PROCEDURAL HISTORY OF THE CASE .............................. 1

III.   CLASS COUNSEL'S ERROR IN TIMLEY FILING THE FINAL APPROVAL MOTION ................................................... 2

IV.    ACTUAL SETTLEMENT VALUE ........................................... 4
       A.   CLAIMANT COMPENSATION ..................................... 4
       B.   ATTORNEYS' FEES AND COSTS ................................. 4
       C.   CLASS REPRESENTATIVE ENHANCEMENT ............ 4

V.     PRELIMINARY APPROVAL .................................................... 4

VI.    FINAL SETTLEMENT APPROVAL IS APPROPRIATE ........... 5
       A.   THE SETTLEMENT IS ENTITLED TO A PRESUMPTION OF FAIRNESS ........................................ 5
       B.   THE SETTLEMENT RESULTED FROM ARMS-LENGTH NEGOTIATION ................................................ 6
       C.   STRENGTH OF PLAINTIFF'S CASE .......................... 7
       D.   THE RISKS, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION ......................... 9
       E.   THE RISKS OF MAINTAINING CLASS ACTION STATUS THROUGHOUT TRIAL ...................................... 9
       F.   THE AMOUNT OFFERED IN SETTLEMENT .............. 10
       G.   SUFFICIENT DISCOVERY AND INVESTIGATION HAS BEEN COMPLETED TO WARRANT SETTLEMENT ......... 11
       H.   PLAINTIFF'S COUNSEL IS EXPERIENCED AND ENDORSES THE SETTLEMENT ................................... 12
       I.   PRESENCE OF GOVERNMENTAL PARTICIPANT ....... 13
       J.   OBJECTIONS TO THE SETTLEMENT .......................... 13

VII.   AN AWARD OF ATTORNEYS' FEES IS REQUESTED WHEN A COMMON FUND HAS BEEN CREATED FOR THE BENEFIT OF THE CLASSES ................................................................. 13
       A.   PLAINTIFF'S COUNSELS' FEE AWARD IS PROPERLY CALCULATED AS A PERCENTAGE OF THE TOTAL COMMON FUND CREATED FOR THE CLASS .............. 14
       B.   THE ATTORNEYS' FEES REQUESTED BY PLAINTIFF'S COUNSEL ARE WELL WITHIN THE RANGE OF FEES IN COMPARABLE CASES .............................................. 16
       C.   THE RISKS OF LITIGATION ..................................... 18
       D.   AN AWARD OF ATTORNEYS' FEES AS REQUESTED IS APPROPRIATE UNDER THE LODESTAR METHOD .............. 19

VIII.  THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS ............................................... 22

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@KBarnes.com

- ii -

IX.     THE CLASS REPRESENTATIVE ENHANCEMENT FEE IS
        REASONABLE AND ARE STANDARD IN CLASS ACTIONS ...........23

X.      CONCLUSION ...........................................................................25

Case No. 8:16-CV-00257 DSF (JEMx)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

# TABLE OF AUTHORITIES

Page

## STATE CASES

Bihun v. AT&T Information Systems, Inc.
(1993) 13 Cal.App.4th 976.................................................................... 20

Dunk v. Ford Motor Company
(1996) 48 Cal.App.4th 1794 ...........................................................5, 17

Environmental Law Foundation v. Laidlaw Transit, Inc.
San Francisco Superior Court, Case No. CGC-06-451832 ..................21

Flannery v. California Highway Patrol
 (1998) 61 Cal.App.4th 629, 632 ......................................................... 20

Lealao v. Beneficial Calif., Inc.
(2002) 82 Cal.App.4th 19.................................................................... 15

Martino v. Denevi
(1986) 182 Cal.App.3d 553, 559 ........................................................ 22

PLCM Group, Inc. v. Drexler
(2000) 22 Cal.4th 1084....................................................................... 19

Serrano v. Priest
(1977) 20 Cal.3d 25 [Serrano III]).................................................14, 15

Serrano v. Priest
(1982) 32 Cal.3d 621 [Serrano III]).....................................................22

## FEDERAL CASES

Boeing Co. v. Van Gemert
444 U.S. 472 (1980)............................................................................ 14

Boyd v. Bechtel Corp.
485 F.Supp. 610 (N.D. Cal.1979) ...................................................... 12

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Case No. 8:16-CV-00257 DSF (JEMx)
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

<u>Central Railroad & Banking Company of Georgia v. Pettus & Others</u>
113 U.S. 116 (1885) ............................................................................ 16

<u>City of Detroit et al., v. Grinnell Corporation</u>
495 F.2d 448 (1974) ........................................................................... 18

<u>Ellis v. Naval Air Rework Facility</u>
87 F.R.D. 15 (N.D. Cal, 1980), affid, 661 F.2d 939 (9th Cir. 1981) ...................... 12

<u>Fisher Bros. v. Cambridge-Lee Industries, Inc.</u>
630 F.Supp. 482 (E.D. Pa 1985) ......................................................... 12

<u>Hanlon v. Chrysler Corporation</u>
150 F.3d 1011 (1998) ................................................................... 6, 7

<u>In re Mercury Interactive Corp Securities Litigation</u>
618 F.3d 988 (9th Cir. 2010) .............................................................. 3

<u>In re Rodriguez v. West Publishing Corp.</u>
563 F.3d 948 (9th Cir. 2009) .............................................................. 6

<u>In re Warner Communications Securities Litigation</u>
618 F. Supp. 735 (2d Cir. 1986) ......................................................... 12

<u>Kyriazi v. Western Elec. Co.</u>
527 F. Supp. 18 (D.N.J. 1981) ........................................................... 24

<u>League of Martin v. City of Milwaukee</u>
588 F.Supp. 1004 (E.D. Wis. 1984) ..................................................... 24

<u>Lo Re v. Chase Manhattan Corp.</u>
1979 U.S. Dist. LEXIS 12210, 19 FEP Cas. (BNA) 1366 (SDNY 1979) ........... 24

<u>Muehler v. Land O' Lakes, Inc.</u>
617 F. Supp. 1370 (1985) ............................................................... 18

<u>National Rural Tele. Coop. v. DIRECTTV, Inc.</u>
221 F.R.D. 523 (C.D. Cal. 2004) ....................................................... 11

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Case No. 8:16-CV-00257 DSF (JEMx)
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

New York Gaslight Club, Inc. v. Carey
447 U.S. 54, 62, 100 S. Ct. 2024, 2030, 64 L. Ed. 2d 723 (1980)........................22

Officers for Justice v. Civil Service Com.
(9th Cir. 1982) 688 F.2d 615, cert. Denied (1983) 459 U.S. 1217 ......................5, 6

Paul, Johnson, Alston & Hunt v. Graulty
886 F.2d 268 (1989)...............................................................................16, 17

Vincent v. Hughes Air West, Inc.
557 F.2d 759 (9th Cir. 1977)...................................................................14, 15

Washington Public Power Supply v. City of Seattle
19 F. 3d 1291 (1994) ...................................................................................17

Women's Committee for Equal Employment Opportunity v. NBC
76 F.R.D. 173 (SDNY 1977) .........................................................................24

**FEDERAL STATUTES**

Fed. R. Civ. P. 23(e).......................................................................................5

**STATUTES**

Cal. Lab. Code § 226.7(b).................................................................................8

**TREATISES**

Newberg on Class Actions, 3rd Ed., 1992, §14.01 ..............................................17
R. Pearle,

Wegner, Fairbank, and Epstein, *California Practice Guide: Civil Trials and Evidence* (Rutter) at 17:172.3 ........................................................................15

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Case No. 8:16-CV-00257 DSF (JEMx)
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

# I.
## INTRODUCTION

Plaintiff has achieved an excellent result in this litigation, embodied in the Stipulation Of Settlement And Release ("Settlement Agreement").  The proposed Settlement provides substantial benefits to the class members and is the product of aggressive litigation by Plaintiff and his counsel to obtain the best possible result for the Class Members.  **100% of the money will be paid out as there is no reversion to the Defendant and 100% of the Class Members are participating in the settlement since there are zero opt outs. There are no objections to the settlement and the average Class Member will receive a settlement payment of approximately $2,576.48 and the highest will be approximately $15,696.66.** Plaintiff's request for attorneys' fees, reimbursement of costs, and class representative enhancement is fair, reasonable, and adequate, and in the best interest of the Class.  Accordingly, final approval should be granted.

# II.
## PROCEDURAL HISTORY OF THE CASE

On January 13, 2016, Plaintiff filed the Class Action Complaint entitled *Diaz v. Albertson's LLC*, Case No. 30-2016-00829736-CU-OE-CXC, which Defendant removed to the United States District Court for the Central District of California, Case No. 8:16-cv-00257 DSF JEMx.  The Second Amended Class Action Complaint was filed in the United States District Court on May 10, 2016 and is the operative complaint in this matter (hereinafter referred to as the Action).

Plaintiffs allege various state wage and hour law claims, including claims for failure to provide for off duty meal periods.  Plaintiffs contend that the Action is appropriate for class action treatment.  On December 20, 2016, the Court granted class certification with respect to Plaintiff's meal period claim and derivative UCL claim, and a court-approved Class Notice was issued on March 8, 2017.

Class Counsel represent that they have conducted a thorough investigation

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

of the Action, and have diligently pursued an investigation of the Class Members' claims against Defendant, including reviewing relevant documents, applicable law and potential defenses.  Class Counsel represent that they have also conducted thorough discovery and law and motion practice in this Action, including taking and defending numerous  depositions, a Class Certification Motion, a subsequent Summary Adjudication Motion, the retention of  a damage and DLSE expert and trial preparation. Class Counsel is of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of loss and significant delay and defenses asserted by Defendant. On June 26, 2017, the Parties participated in a full day mediation session with mediator Carl J. West (Ret.) in Los Angeles, California.  Although the parties did not reach a settlement at the mediation, the parties continued with informal settlement talks and eventually reached this Settlement.  At all times, the parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

The parties reached an agreement in principle for a settlement of $1,600,000 with no claim form requirement and with no residual to the Defendant. All terms of the Parties' settlement are contained within the Joint Stipulation Of Settlement And Release, which, if approved as requested, is projected to pay the average class member approximately $2,576.48 each.

### III.
### CLASS COUNSEL'S ERROR IN TIMELY FILING THE FINAL APPROVAL MOTION

On October 31, 2017 the court issued an Order Granting Preliminary Approval Of Class Action Settlement. (*See* Docket Entry (hereinafter "DE") No. 55). The court set a deadline for the mailing of the Class Notice, filing of Plaintiff's Motion For Final Approval and for objections/opt outs. Plaintiff was supposed to file the Final Approval Motion of Class Settlement and Request for

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Attorney's Fees and Reimbursement of Costs and Class Representative Enhancement on January 24, 2018. The deadline to postmark objections or opt outs was set for February 5, 2018 and the filing date for Claims Statistics for Final Approval of Class Settlement was February 12, 2018.

Due to Class Counsel's mistake and error, the January 24 date was not calendared as a result Plaintiff did not file the Final Approval Motion of Class Settlement and Request for Attorney's Fees and Reimbursement of Costs and Class Representative Enhancement on January 24, 2018.

The case of *In re Mercury Interactive Corp Securities Litigation* (9th Cir. 2010) 618 F. 3d 988 at 993-994 states that Federal R. Civil. P. 23(h) requires that class members be allowed an opportunity to object to the fee motion itself, not merely to the preliminary notice that such a motion will be filed.

Based upon Class Counsel's mistake and error, the attorney fee motion was not filed prior to the objection deadline. Class Counsel is filing a <u>Joint Ex Parte Application to Allow Sending Of A Postcard To Class Members Allowing Additional Time To Object to Attorney's Fees, Reimbursement Of Costs And Class Representative Enhancement</u>.  Class Counsel hopes this ex parte application is granted, the Postcard is sent and the objection deadline will have passed by the date of the March 19, 2018 Final Approval Hearing.

The Postcard states as follows:

"You previously received Notice of Class Action Settlement of this case.

Due to Class Counsel's error, the Final Approval Motion of Class Settlement and Request for Attorney's Fees and Reimbursement of Costs and Class Representative Enhancement was not filed on January 24, 2018. This Final Approval Motion was filed on February 12, 2018 and can be examined at any time on the Rust Consulting website for this case (www._____.com) and/or during regular business hours at the Office of the Clerk of the United States District Court, Central District of California, located at 350 West 1st St., Los Angeles, CA 90012.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

You have the right to Object to the requested attorney fees, costs and class representative enhancement. To object to the requested attorney fees, costs or class representative enhancement, you must send your written objection that must state your full name and address and must be signed, dated, completed, and postmarked by_____, 2018, and sent to Albertson's Class Action Settlement c/o Rust Consulting [INSERT ADDRESS].

Any written objections to the requested attorney fees, costs or class representative enhancement must state each specific reason in support of your objection and any legal support for each objection."

## IV.
## ACTUAL SETTLEMENT VALUE

The settlement is for a total amount of $1,600,000 with no residual to revert to the Defendant and no claim form requirement.  The total settlement is divided as follows:

### A.    CLAIMANT COMPENSATION:

Each Class Member will receive money for each shift worked in the class period. **The average Class Member will receive a settlement payment of approximately $2,576.48 and the highest will be approximately $15,696.66** (*See* Declaration of Patrick Hughes for Rust Consulting, Inc. attached as Exhibit 1 to the Declaration of Kevin T. Barnes).

### B.    ATTORNEYS' FEES AND COSTS:  Attorneys' Fees of $533,333 (1/3 of the total settlement), attorney costs of $32,713.73 and the claims administration costs of $20,000.

### C.    CLASS REPRESENTATIVE ENHANCEMENT: $15,000 for Class Representative Antonio Diaz.

## V.
## PRELIMINARY APPROVAL

After the Preliminary Approval Hearing, the Court granted the Motion for Preliminary Approval of this settlement, approved the Class Notice, appointed the Class Representative, designated Plaintiff's counsel, appointed Rust Consulting as Claims Administrator, and set time lines for the claims and settlement procedure.

- 4 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.,
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

# VI.
## FINAL SETTLEMENT APPROVAL IS APPROPRIATE

Pursuant to *Federal Rules of Civil Procedure*, "a class action shall not be dismissed or compromised without the approval of the Court, and notice of the proposed dismissal or compromise shall be given to all members of the Class in such manner as the Court directs . . . "_*Fed. R. Civ. P.* 23(e).  In deciding whether to grant final approval to a proposed class action settlement under *Fed. R. Civ. P.* §23(e), the Court's overriding concern is whether the proposed settlement is "fair, adequate, and reasonable." *Dunk v. Ford Motor Company* (1996) 48 Cal.App.4th 1794, 1801 (quoting *Officers for Justice v. Civil Service Com.* (9th Cir. 1982) 688 F.2d 615, 625, cert. Denied (1983) 459 U.S. 1217).

In practical terms, the settlement of a class action follows three parts:  1) Preliminary approval of the proposed settlement; 2) Notice to Class Members, and 3) a Final Approval hearing or "Fairness Hearing" at which evidence and argument may be heard on the fairness, adequacy and reasonableness of the settlement.  The Court has given preliminary approval of the settlement and Class Notice has been sent to all Class Members.

## A.      THE SETTLEMENT IS ENTITLED TO A PRESUMPTION OF FAIRNESS

A presumption of fairness exists where:  1) The settlement is reached through arm's length bargaining; 2) Investigation and discovery are sufficient to allow counsel and the Court to act intelligently; 3) Counsel is experienced in similar litigation; and 4) the percentage of objectors is small.  *Dunk, supra,* at p. 1802; *Officers for Justice*, *supra,* at p. 625.

To prevent fraud, collusion or unfairness to the Class, the settlement or dismissal of a class action requires Court approval.  The purpose of the requirement is the protection of those Class Members, including the named Plaintiff, whose rights may not have been given due regard by the negotiating parties.  *Officers for*

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

*Justice, supra*, at p. 624.  The trial court has broad powers to determine whether a proposed settlement in a class action is fair.

At the Final Approval Hearing, the Court should consider the relevant factors, such as the strength of the Plaintiff's case, the risk, expenses, complexity and likely duration of further litigation, the risk of maintaining class action status through Trial, the amount offered in settlement, the extent of discovery completed and the stage of the proceedings, the experience and views of counsel, the presence of a governmental participant and the reaction of the Class Members to the proposed settlement.  *Officers for Justice., supra*, at p. 624.  "This list is not exhaustive and should be tailored to each case.  Due regard should be given to what is otherwise a private consensual agreement between the parties."  *Dunk, supra*, at p. 1801.

The settlement as a whole, not as component parts, is the proper level of inquiry.  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998).  The settlement must stand or fall in its entirety, and the Court may not delete, modify, or rewrite particular provisions.  *Id.*

## B.     THE SETTLEMENT RESULTED FROM ARM'S-LENGTH NEGOTIATIONS

The Ninth Circuit has shown longstanding support of settlements reached through arms' length negotiation by capable opponents. *In Rodriguez v. West Publishing Corp*., 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] Parties." Id. at 965, citing *Hanlon,* supra, 150 F.3d at 1027. The primary reason for deferring to such settlements is the experience of counsel and the participation of a neutral (in this case, Carl J. West (Ret.), an experienced mediator), both of which factors are present here. The proposed settlement here is the product of arm's-length negotiations between the experienced counsel and the settlement was reached following a formal mediation with Carl J. West (Ret.)., a former judge of the Los

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

Angeles Superior Court Complex Panel who is very experienced in wage and hour class action cases, after a long and contentious litigation that settled as the parties were preparing for trial. (*See* DE No. 52-2, Barnes Decl.).

## C.   STRENGTH OF PLAINTIFF'S CASE

When evaluating the settlement terms for purposes of ruling on whether to finally approve it, the Court is to review the strength of the plaintiff's case, including "the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members." *Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 76359, *1, *6-7 (C.D. Cal. 2014). In ruling on preliminary approval, the "fairness hearing is not to be turned into a trial or a rehearsal for trial on the merits." Id. Rather, when considering the fairness of a proposed class settlement, courts consider the strength of a plaintiff's case against the risk, expense, complexity and likely duration of further litigation. *Hanlon*, *supra*, 150 F.3d at 1026.

Here, Plaintiff's theory of liability for all California non-exempt Pharmacists is based on Defendant's alleged failure to provide off duty meal breaks. When hired by Defendant, Pharmacists are given the option of signing an on duty meal period agreement and meal period waiver forms.  Pharmacists are typically scheduled to work as the only Pharmacist on duty during a shift. When a Pharmacist has signed the on duty meal period agreement and works a shift of between six (6) to not more than ten (10) hours in length, Defendant provides a paid on duty meal period.

Defendant claims the nature of the "pharmacist position (which may require responding to urgent medical needs of customers)" prevents Pharmacists from taking an off duty meal break.  Defendant further contends that, because they typically work as the only pharmacist on-duty, and there are many essential tasks that may only be performed by a licensed pharmacist, they are permitted to take on-duty meal periods based on DLSE authority regarding a "sole worker" at an establishment. Defendant does not dispute that the nature of the work is the same

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

for all Pharmacists at all their stores and there is nothing particular about any individual Pharmacist or store that changes the nature of the work (although things such as pharmacy hours and shift lengths, overlap between pharmacists, volume, and staffing of ancillary pharmacy staff may vary between pharmacies). The on duty meal period agreement allows the pharmacy to be able to continue to operate while the Pharmacist is on a meal break.  When a Pharmacist works a shift of over ten (10) hours, Defendant provides an off duty meal period for the first meal period and then the second meal period is typically waived.

Plaintiffs contend it is contrary to logic that the nature of the work of a Pharmacist requires an on duty meal break for shifts of between six (6) and ten (10) hours in length, and not for shifts over ten (10) hours. Plaintiffs also argue that it does not make sense that the nature of the Pharmacists' work requires them to take an on duty meal break for shift of between six (6) and ten (10) hours, and yet they can somehow take an off duty rest period twice per day. Simply put, Plaintiff argues that Pharmacists who signed Defendant's On-duty Meal Period Agreements are prevented from taking off duty meal periods not because of the nature of their work. Likewise, Defendant has not paid meal period premiums when Pharmacist took on duty meals pursuant to the on-duty meal period agreement. Based on these facts, Plaintiffs claim that, under Labor Code Section 226.7(b), Defendant owes one hours' worth of pay at the employees' regular rate of pay for each day worked.

Defendant has various responses and defenses to Plaintiff's arguments. First of all, on-duty meal periods are voluntary.  Thus, when the circumstances permitting on-duty meal periods exist the employee has the option of agreeing to work on-duty meal periods, but is not required to do so.  Likewise, Defendant contends that when circumstances permit on-duty meal periods, an employee may agree to work on-duty meal periods on some but not all shifts.  Defendant thus argues that the fact that it provides off-duty meal periods on some shifts does not undermine or contravene the on-duty meal period agreement in any way.  Further,

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 8 -

Defendant provides one off-duty meal period on Pharmacists longest shifts (i.e. 10 hours or longer) in order to reduce the risk of Pharmacist fatigue and errors, which it contends is perfectly logical and consistent with the nature of the work permitting on-duty meal periods on other shifts.  Similarly, no "nature of the work" or on-duty exception exists for rest periods, and thus Defendant was required to provide off-duty rest periods regardless of whether on-duty meal periods were permitted.  Because of this, and the differences between meal and rest periods, Defendant contends that the fact it is provides off-duty rest periods as required by California law is irrelevant to the question of whether on-duty meal periods are permitted.  Defendant thus argues that Pharmacists may lawfully agree to take on-duty meal periods, and that Pharmacists are not owed any penalty or premium pay for their on-duty meal periods. (*See* DE No. 52-2, Barnes Decl.).

**D.     THE RISKS, EXPENSE, COMPLEXITY, AND LIKELY DURATION OF FURTHER LITIGATION**

This factor also weighs in favor of final approval. The risks in a wage and hour class action cases is significant.  Although the Parties engaged in significant discovery and law and motion, the Parties were in the midst of trial preparation when the case was settled. (*See* DE No. 52-2, Barnes Decl.). Moreover, an actual trial and the prospect of appeals by the losing party could lead to further protracted litigation, delay and increased costs and risks to the Plaintiff and Class Members. This settlement avoids those risks and the accompanying expense. *See, e.g., In re Portal Software, Inc. Securities Litig.*, Case No. C-03-5138 VRW, 2007 WL 4171201 at *3 (N.D. Cal. Nov. 26, 2007) (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement"). Plaintiff considers this an excellent settlement given the risk involved. Thus, this factor favors final approval.

**E.     THE RISKS OF MAINTAINING CLASS ACTION STATUS THROUGHOUT TRIAL**

Although Plaintiff had prevailed on his motion for class certification when

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

the Parties reached this proposed class-wide resolution, Defendant was going to try to decertify all or parts of the case prior to trial and throughout the trial itself. Absent settlement, there was a risk that this case would be decertified at the time of trial and or on appeal. Thus, this factor, too, supports final approval of the settlement.

## F.   THE AMOUNT OFFERED IN SETTLEMENT

Plaintiff estimated that the Defendant's potential exposure if the Class prevailed on all shifts where an on duty meal period was taken was approximately $3.3 million. (*See* DE No. 52-2, Barnes Decl.). However, this estimation had to be reduced to account for the defenses Albertson's raised. Courts in the Ninth Circuit have observed that "a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery." *Telecomm. Corp. v. DirectTV* (C.D. Cal. 2004) 221 F.R.D. 523, 527. The settlement here of $1.6 million is significantly more than a "fraction" when considered that it provides a definite and significant recovery in light of the risks of further litigation. Accordingly, the parties contend the proposed settlement is reasonable in light of the strengths of Plaintiff's case, the risks of further litigation, the risks of decertification, the risks of prevailing at trial and the estimated values of Plaintiff's claims at trial.

Defendant vigorously defends this claim, arguing that the nature of the "pharmacist position (which may require responding to urgent medical needs of customers)" prevents Pharmacists from taking an off duty meal period, and that as the sole pharmacist on-duty they are permitted to agree to take on-duty meal periods. Defendant also argues that even if there was liability for some on duty meal breaks, this would only cover shifts where the Pharmacist worked alone, and not shifts where two Pharmacists overlapped and had the opportunity to take an off-duty meal period. Defendant also claimed there was no liability for shifts during the week when Pharmacists were normally scheduled to work twelve hour

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

shifts (with one off-duty meal period) and instead worked six to ten hours without a meal period only on occasion and at the election of the Pharmacist. (*See* DE No. 52-2, Barnes Decl.).

Based on the data provide by Defendants, Plaintiff's expert performed a violation analysis and the total exposure for the meal break claim was approximately $3.3 million. To champion the best interests of the class, this projected total, which Defendant disputes, had to be discounted in light of Defendant's defenses. The settlement here of $1.6 million is 48.5% of the total exposure value and provides a definite and significant recovery in light of the risks of further litigation. (*See* DE No. 52-2, Barnes Decl.). **There are no objections or opts outs to the settlement and the average Class Member will receive a settlement payment of approximately $2,576.48 and the highest will be approximately $15,696.66.** (*See* Declaration of Patrick Hughes for Rust Consulting, Inc. ¶'s 13-14, attached as Exhibit 1 to the Declaration of Kevin T. Barnes). Given the litigation risks involved, including the risk that the Class could be decertified, the risk of proving liability and damages at trial and keeping the verdict through appeal, the proposed settlement is well within the realm of being fair, reasonable, and adequate.

In short, Plaintiff's ability maintain a certified class and prevail on his claims was far from guaranteed. Indeed, "[i]n most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *National Rural Tele. Coop. v. DIRECTTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (internal quotations omitted). Thus, this factor supports final approval.

## G.      SUFFICIENT DISCOVERY AND INVESTIGATION HAS BEEN COMPLETED TO WARRANT SETTLEMENT

The stage of the proceedings and the amount of discovery completed is an important factor which the Courts consider in determining the fairness,

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

reasonableness, and adequacy of a Settlement.  *In re Warner Communications Sec. Litig.,* 618 F.Supp. 735, 741 (S.D.N.Y. 1985), affid., 198 F.2d 35 (2d Cir. 1986); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D Cal, 1980), affid, 661 F.2d 939 (9th Cir. 1981); *Boyd v. Bechtel Corp.,* 485 F.Supp. 610, 616-17 (N.D. Cal.1979).  Plaintiffs' counsel conducted meaningful discovery.  The litigation reached a stage where "the parties certainly have a clear view of the strengths and weaknesses of their cases."  *Warner Communications*, 618 F.Supp. at 745; *Ellis*, 87 F.R.D., at 18; *Boyd*, 485 F.Supp. at 616-17.

Plaintiff and Class Counsel conducted a thorough investigation in this case and have diligently pursued an investigation of the Class Members' claims against Defendant, including reviewing relevant documents, applicable law and potential defenses.  Class Counsel engaged in discovery and law and motion practice, including taking and defending numerous depositions, a Class Certification Motion, a subsequent Summary Adjudication Motion, the retention of  a damage and DLSE expert and trial preparation. On June 26, 2017, the Parties participated in a full day mediation session with mediator Carl J. West (Ret.) in Los Angeles, California.  Although the parties did not reach a settlement at the mediation, the parties continued with informal settlement talks and eventually reached this Settlement.   At all times, the parties' settlement negotiations have been non-collusive, adversarial, and at arm's length. Thus, this factor supports final approval. (*See* DE No. 52-2, Barnes Decl.).

## H.   PLAINTIFF'S COUNSEL IS EXPERIENCED AND ENDORSES THE SETTLEMENT

Experienced counsel, operating at arm's length, have weighed all of the foregoing factors and endorse the proposed Settlement.  As the Courts have explained, the view of the attorneys actively conducting the litigation, is "entitled to significant weight."  *Fisher Bros. V. Cambridge-Lee Industries, Inc.,* 630 F.Supp. 482, 488 (E.D. Pa. 1985); *see* also *Ellis*, 87 F.R.D., at 18; *Boyd*, 485 F.Supp. at 616-17.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

Plaintiff's counsel has experience not only in class actions and employment litigation, but specifically in wage and hour class actions. Plaintiff's counsel are experienced and qualified to evaluate the Class claims and viability of the defenses. The recovery for each Class Member is substantial, given the risks inherent in litigation and the defenses asserted.  This Settlement is fair, adequate and reasonable and in the best interests of the Class. (*See* Decl. of Kevin T. Barnes).

## I.   PRESENCE OF GOVERNMENTAL PARTICIPANT

There was no governmental participant in this matter and, therefore, this analysis is not applicable to the case at hand.

## J.   OBJECTIONS TO THE SETTLEMENT

Per Court Order, the Class Members have received the Class Notice of the pending Settlement.  There have been zero objections to the class settlement. (*See* Declaration of Patrick Hughes for Rust Consulting, Inc. ¶ 14, attached as Exhibit 1 to the Declaration of Kevin T. Barnes).

**VII.**
**AN AWARD OF ATTORNEYS' FEES IS REQUESTED WHEN A COMMON FUND HAS BEEN CREATED FOR THE BENEFIT OF THE CLASSES**

Plaintiff's counsel's application for an award of attorneys' fees in an amount of 1/3 of the settlement value created on behalf of the Class is reasonable and fair. The requested fee falls on the lower end of the Ninth Circuit's historical benchmark for attorneys' fees of 20% to 50% of a common fund and is fair compensation for undertaking complex, risky, expensive, and time-consuming litigation on a contingent basis.

**Class Counsel requests a 1/3 fee and not the base line 25% commonly awarded in federal court as this case was vigorously litigated and settled in the midst of trial preparation. The fee is also appropriate based on the incredible result achieved in this litigation- a $1.6 million dollar settlement with no reversion and no claim form requirement where 100% of the Class Members**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

1   **are participating in the settlement, there are zero opt outs or objections and**

2   **the average Class Member will receive a settlement payment of approximately**

3   **$2,576.48 and the highest will be approximately $15,696.66.** (*See* Decl. of Kevin

4   T. Barnes).

5      **The fee is also appropriate based on the work performed by Class**

6   **Counsel, including taking and defending numerous depositions, a Class**

7   **Certification Motion, a subsequent Summary Adjudication Motion, the**

8   **retention of a damage and DLSE expert and trial preparation. On June 26,**

9   **2017, the Parties participated in a full day mediation session with mediator**

10  **Carl J. West (Ret.) in Los Angeles, California. Class Counsel has spent 507.5**

11  **hours on this case to date and expects to spend another 25 hours to finalize**

12  **this settlement and ensure all Class Members are paid for a total of 532.5**

13  **hours. Class Counsel's lodestar will be $374,965 and the costs are $32,713.73.**

14  **Counsel has litigated this case for over two (2) years and has advanced all**

15  **costs with no guarantee of any recovery.**

16  **A. PLAINTIFF'S COUNSELS' FEE AWARD IS PROPERLY**

17    **CALCULATED AS A PERCENTAGE OF THE TOTAL COMMON**
  **FUND CREATED FOR THE CLASS**

18    Plaintiff's counsel seeks a fee award calculated as a percentage of the total

19  value of settlement, for the successful prosecution and resolution of this action.

20  California state and federal courts have recognized that an appropriate method for

21  determining award of attorneys' fees is based on a percentage of the total value of

22  benefits to Class Members by the settlement. (*Serrano v. Priest* 20 Cal.3d 25, 34

23  (1977) [Serrano III]); *Boeing Co. v. Van Gemert* 444 U.S. 472, 478 (1980); *Vincent*

24  *v. Hughes Air West, Inc.* 557 F.2d 759, 769 (9th Cir. 1977). The purpose of this

25  equitable doctrine is to avoid unjust enrichment of counsel and to "spread litigation

26  costs proportionally among all the beneficiaries so that the active beneficiary does

27  not bear the entire burden alone." (*Vincent*, *supra*, at p. 769.)

28

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**- 14 -**

### The Common Fund Doctrine

The Common Fund Doctrine is predicated on the principle of preventing unjust enrichment. When a litigant's efforts create or preserve a fund from which others derive benefits, he may require the passive beneficiaries to compensate those who created the fund. Both California state and federal courts have embraced this doctrine. (*Serrano III*, *supra* at p. 35; *Vincent*, *supra*, at p. 769.)

Wegner, Fairbank, and Epstein, *California Practice Guide: Civil Trials and Evidence* (Rutter) at 17:172.3 succinctly explains the common fund doctrine as follows:

> "Where the lawsuit results in the recovery of a fund or property benefiting others as well as Plaintiff (e.g., a class action), the court has inherent equitable power to order Plaintiffs' attorney fees paid out of the common fund or property. [*See* Serrano v. Priest *(*'Serrano III*')* 20 Cal.3d 25, 35, 141 Cal.Rptr. 315, 318 (1977)]

> Such 'fee spreading' assures that all those benefited by the litigation pay their fair share of obtaining the recovery. [*See* Lealao v. Beneficial Calif., Inc. 82.]" Cal.App.4th 19, 26, 97 Cal.Rptr.2d 797, 803 (2000)]

The common fund theory comes from equity. The purpose of this doctrine is to avoid unjust enrichment and to "spread litigation costs proportionately among all the beneficiaries so that the active beneficiary does not bear the entire burden alone . . . ." (*Vincent*, *supra*, at p. 769.)) "Percentage fees have traditionally been allowed in such common fund cases." (*Lealao*, *supra,* at p. 27.)

The common fund approach appears to be the preferred method of awarding fees. Since *Serrano III*, *supra*, there has been a "ground swell of support for mandating the percentage-of-the-fund approach in common fund cases." (*Lealao*, *supra,* at p. 27.) *Lealao* discusses at length the judicial perception of the lodestar method as unfair and arbitrary for fostering collusively low settlements for a high fee award and for placing the trial court in the unfavorable position of determining reasonable hours and billing rates. (*Id.* at 29-30.) According to *Lealao,* these sentiments are "widely shared*"* and have stimulated a greater judicial willingness to

- 15 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

award fees as a percentage-of-the-fund. (*Id.* at 30.) As a result, the Ninth Circuit now prefers the percentage-of-the-fund approach in common fund cases. (*Id.* at 31.)

Here, it is clear that a common fund has been created and that the requisites supporting payment of fees by the beneficiaries of that fund are satisfied. In *Paul, Johnson, Alston & Hunt v. Gaulty*, 886 F.2d 268 (9th Cir. 1989), the Ninth Circuit embraced the common fund principle when it stated:

> "Since the Supreme Court's 1885 decision in *Central Railroad & Banking Co. of Ga. V. Pettus*, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915 (1885), it is well settled that the lawyer who creates a common fund is allowed an extra reward, beyond that which he has arranged with his client, so that he might share the wealth of those upon whom he has conferred a benefit. The amount of such a reward is that which is deemed 'reasonable' under the circumstance. (Id. at 271, citations omitted.)

> "The common fund exception is grounded in the historic power of equity to permit the trustee of a fund or property (or a party preserving or recovering a fund for the benefit of others, as well as himself) to cover costs, including attorney's fees. Those costs and fees are paid out of the fund or property itself, or directly from the other parties enjoying the benefit. R. Pearle, *California Attorney Fee Awards* (CEB 1993) & 7.4 p. 7-5."

For Plaintiff's counsel, the fees here were wholly contingent in nature and the case presented far more risk that the usual contingent fee case. There was the prospect of the enormous cost inherent in class action litigation, as well as litigation with a large corporate Defendant who had retained a premier defense firm. That prospect has previously become reality, in both trial courts and the Court of Appeals in other wage and hour Class litigation. Plaintiff's counsel risked not only a great deal of time, but also a great deal of expense to ensure the successful litigation of this action on behalf of all Class Members.

**B.**   **THE ATTORNEYS' FEES REQUESTED BY PLAINTIFF'S COUNSEL ARE WELL WITHIN THE RANGE OF FEES IN COMPARABLE CASES**

- 16 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0100
Barnes@kbarnes.com

"No general rule can be articulated on what is a reasonable percentage of a common fund. Usually 50% of the fund is the upper limit on a reasonable fee award from a common fund in order to assure that the fees do not consume a disproportionate part of the recovery obtained for the Class, although somewhat larger percentages are not unprecedented." (*Newberg on Class Actions*, 3rd Ed., 1992, §14.03.)

With regard to percentage fee awards, *Newberg* states:

"[A]chievement of a substantial recovery with modest hours expended should not be penalized but should be rewarded for considerations of time saved by superior services performed." (*Newberg on Class Actions*, 3rd Ed., §14.01, p. 14-10:14-11.

Attorney fee applications in California class actions based upon a percentage of a common fund as a "benchmark" now enjoys substantial support by the Ninth Circuit Court of Appeals, as well as various state Courts. (*See Paul, Johnson, Alston & Hunt v. Graulty* 886 F.2d 268 (9th Cir. 1989), *Washington Public Power Supply Secur. Lit. v. City of Seattle* 19 F.2d 1291 (9th Cir. 1994).) California state Courts have also approved use of a percentage of the fund to calculate reasonable attorney fee awards. (*Dunk v. Ford Motor Co.* 48 Cal.App.4th 1794, 1808 (1996) [the percentage method calculates attorney fees as a reasonable percentage of the common fund and may be used where the amount of the settlement is a certain or easily calculable sum of money].)  Plaintiff's counsel has been the counsel to represent Class Members in this matter and has borne the entire risk and costs of litigation for over two (2) years – all on a pure contingency basis. (*See* Decl. of Kevin T. Barnes.)

The legal issues raised in this case are very difficult due to the constantly changing law on meal breaks and the novel claim related to on duty meal breaks in the pharmacy industry. As such, there were many disputes and good faith potential defenses.  The complexity of this matter was further complicated by the fact that many Class Members are current employees of Defendant, who might have been

- 17 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

1   reluctant to participate in Plaintiff's investigation due to perceived fear of

2   retribution by the employer.

3       Plaintiff's counsels' fee request of 1/3 is very reasonable in light of the work

4   performed and results achieved in this case.

5   **C.   THE RISKS OF LITIGATION**

6       It is recognized that one of the primary factors justifying an enhanced

7   attorneys' fees reward is the attendant risks inherent in the litigation. As observed in

8   *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 470 (2d Cir. 1974):

9           "No one expects a lawyer whose compensation is contingent upon his
10          success to charge, when successful, as little as he would charge a client
            who had agreed to pay for his services, regardless of success. Nor,
11          particularly in complicated cases producing large recoveries, is it just to
            make a fee depend solely on the reasonable amount of time expended."
12

13      The need to fairly compensate firms who undertake unique and risky

14  litigation for Plaintiff Classes was also noted in *Muehler v. Land O'Lakes, Inc.,* 617

15  F.Supp. 1370, 1375-76 (D. Minn. 1985) where, in justifying the award of less fees

16  representing 35% of the recovery fund, the Court observed:

17          "If the Plaintiffs' bar is not adequately compensated for its risk,
18          responsibility, and effort when it is successful, then effective
            representation for Plaintiffs in these cases will disappear…"
19

20      Despite the complexity of the case, Plaintiff's counsel have, through the

21  investment of substantial effort, and the resources of a single small law firm, been

22  able to secure an outstanding settlement on behalf of the Class Members.  Defendant

23  has vigorously contested liability, the amount of claimed damages, and the propriety

24  of class certification. Plaintiff faced substantial obstacles in demonstrating that Class

25  certificate was appropriate and then in establishing Defendant's liability and

26  damages. It is this kind of situation, involving complex issues, that has been

27  recognized as deserving of a substantial attorneys' fee award. *City of Detroit v.*

28  *Grinnell Corp.,* 495 F.2d 488, 471 (2d Cir. 1974).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

## D.   AN AWARD OF ATTORNEYS' FEES AS REQUESTED IS APPROPRIATE UNDER THE LODESTAR METHOD

Plaintiff counsels request for attorney fees and costs in this case is appropriate under either theory of awarding.  Here, Class Counsel earned the requested fee, as this case was vigorously litigated. This case was a lot of work. At least 532.5 hours will have been expended by Plaintiff's counsel. (*See* Decl. of Kevin T. Barnes).

The issue in this motion is not why the court should award a fee commensurate with 1/3 of the fund, but why the court should not award such a fee. The settlement comes after productive litigation, all the while when the viability of wage and hour class action continues to be reviewed by the state Supreme Court. These facts, as well as others discussed below, warrant approval of the requested fee.

Under the lodestar method, a base fee amount is calculated from a compilation of time reasonably spent on the case and the reasonable hourly compensation of the attorney. The base amount is then adjusted in light of various factors. (*Serrano*, *supra*, 20 Cal.3d at 48).

To summarize Plaintiff's lodestar request, Plaintiff counsel's time summaries show that they will have worked 532.5 hours on this case. They request the Court find that their requests of $750 an hour for Kevin T. Barnes and $650 an hour for Gregg Lander are reasonable. **At the requested rates, this results in a total lodestar fee amount of $374,965. The fee request in this cases is $533,333, which is a multiplier of 1.42.** (*See* Exhibit 3 to the Decl. of Kevin T. Barnes, Timesheet).

A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. *PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1095. The court may consider other factors when determining a reasonable hourly rate, *e.g.*, the attorney's skill and experience, the nature of the work performed, the relevant area of expertise and the attorney's customary billing rates.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

*Flannery v. California Highway Patrol* (1998) 61 Cal. App. 4th 629, 632.

One difficulty in determining the hourly rate of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee paying clients in class action litigation. As a practical matter, few if any consumers pay attorneys' fees on an hourly basis for such extensive litigation, and thus retainer agreements in such cases are based on a contingency fee relationship. Although there is no customary billing rate, the nature of class action work should be strongly considered by the court (Decl. Kevin T. Barnes). Courts have upheld rates as high as $450 per hour (in 1993) in employment matters. *Bihun v. AT&T Information Systems, Inc.* (1993) 13 Cal. App. 4th 976, *overruled on other grounds*.

A survey conducted by The National Law Journal for the year 2002 provides a sample of a billing rate for California lawyers. In that survey, six California firms provided their hourly billing rates. Of those six firms, five regularly charge in excess of $500.00 per hour for their partners. In fact, four of the firms charge as high as $600.00, $620.00, $650.00, and up to $850.00 per hour. These firms are located in Orange County, Los Angeles County, San Francisco County and San Diego County and are the types of firms that Plaintiff's counsel regularly opposes in these class action cases. (*See* the National Law Journal Survey attached as Exhibit 4 to the Decl. of Kevin T. Barnes). The only difference is that these defense attorneys are paid on a monthly basis and do not have to advance any costs on a case. To the contrary, Plaintiff's counsel is only paid if they win, which in this case will result in payment over two years after the case was originally filed.

Finally, Plaintiff attaches the Declaration of Richard M. Pearl in support of a Plaintiff's Motion for Final Approval in the case of <u>Rosa Cantu, et al. v. Pacific Bell Telephone Company</u>, Case No. BC 441237, dated January 4, 2011. (*See* Declaration of Richard M. Pearl attached as Exhibit 5 to the Decl. of Kevin T. Barnes). Mr. Pearl specializes in issues related to cost-award attorney's fees,

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

including the representation of parties in fee litigation and appeals, serving as an expert witness and serving as a mediator and arbitrator in disputes concerning attorney's fees and related issues. Mr. Pearl is also the author of California Attorney's Fee Awards (3d ed Cal. CEB 2010), as well as the author of the Second Edition, years 1994 through 2008. He has also authored numerous other publications on attorney's fees, as set forth in his Declaration. (Id. at paragraph numbers 4 and 5).

Mr. Pearl has reviewed the comparable hourly rates of attorney fees in California. He confirms that courts have approved hourly rates of attorneys as follows:

- Rates up to $875.00 in <u>Savaglio, et al. v. Wal-Mart</u>, Alameda County Superior Court, Case No. C-835687-7 (before applying a 2.36 multiplier);

- Rates of up to $750.00 in <u>Kashmiri, et al. v. Regents of UC</u>, San Francisco County Superior Court (before applying a 3.7 multiplier);

- Rates of up to $750.00 in <u>Environmental Law Foundation v. Laidlaw Transit, Inc</u>., San Francisco Superior Court, Case No. CGC-06-451832 (before applying a 1.25 multiplier). (Id. at pages 4 and 5).

Additionally, Mr. Pearl has reviewed numerous declarations, depositions and surveys of legal rates on a non-contingent basis for the year 2009 and found hourly rates of up to $775.00, $795.00, $800.00, $855.00, $950.00, etc. (Id. at pages 6-12). These are non-contingent rates where payment in full is expected promptly upon billing. (Id. at page 13).  These rates indicate that the requested hourly rate, as well as the multiplier, is reasonable in the case-at-hand in view of Plaintiff's counsel experience, the result achieved in this case and the contingent nature of the fees in class action cases.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

All of counsels' skill and experience justify the requested rate. The Law Offices of Kevin T. Barnes practice litigation with a focus on representing employees in employment matters on class action cases (Decl. of Kevin T. Barnes).

In sum, Class Counsel are attorneys who command a high rate. They have had success in wage-and-hour class actions, are held in high regard by the legal community, and their practice is an unusual niche area. This case dealt with an area of the law that is very much in dispute and the court of appeal is very active in meal break litigation which make this a very risky case. It required an attorney with great skills and financial backing as it involved a highly specialized area of employment law that requires skilled and experienced attorneys. To obtain such an attorney on the free market, a client must pay appropriate compensation. Therefore, Plaintiff's Counsel's requested rate is fair and reasonable.

The courts are quite liberal in the evidence required to prove an attorney's hours. Detailed time records are *not* required. An attorney's testimony alone may suffice: "Testimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records." *Martino v. Denevi* (1986) 182 Cal. App. 3d 553, 559.

Reasonable hours include, in addition to time spent during litigation, the time spent before the action is filed, including time spent interviewing the clients, investigating the facts and the law, and preparing the initial pleadings. *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 62, 100 S. Ct. 2024, 2030, 64 L. Ed. 2d 723 (1980). Further, the fee award should include fees incurred to establish and defend the attorneys' fee claim. *Serrano v. Priest* (1982) 32 Cal.3d 621, 639.

## VIII.
## THE COURT SHOULD APPROVE THE REQUEST FOR REIMBURSEMENT OF COSTS

The request for reimbursement of costs is fair and reasonable. The Law Offices of Kevin T. Barnes has total costs in the amount of $32,713.73. Likewise, the claims administrator Rust Consulting has costs in the amount of $20,000.  The

- 22 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

costs are all litigation related costs.  (*See* Exhibit 2 to the Decl. of Kevin T. Barnes, Cost Sheet).  This request should be approved.

## IX.
## THE CLASS REPRESENTATIVE ENHANCEMENT FEE IS REASONABLE AND ARE STANDARD IN CLASS ACTIONS

The named Plaintiff has requested an Enhancement of $15,000. This amount is proper because of the named Plaintiff's time and effort on this case, the risks he faced, execution of a general release, the great outcome of this case and all other factors set forth in the Declaration of Mr. Diaz. Plaintiff's counsel spent countless hours in consultation with the Class Representative from the initial investigation and pleading stage.  Class Representative Diaz initially filed a complaint with the Labor Commissioners office and decided to drop that matter and purse this class action case to benefit all of his colleagues. The Class Representative spent numerous hours in consultation with our offices regarding the issues raised in the action and the initial Complaint.  Mr. Diaz remained in contact with our office throughout the litigation and the settlement process.  The Class Representative also reviewed the documents related to this case.  The Class Representative had his deposition taken which lasted a full day and he personally helped to prepare for and attended the all-day Mediation.

All in all, the Class Representative has been diligent and acted above and beyond that of which is expected of a Class Representative throughout all stages of the litigation, up to and including final approval of class action settlement.  There are few individuals that are willing to act as a Class Representative and provide the work, diligence and willingness to assume a substantial risk should the Defendant have prevailed in this case.  The Class Representative's willingness to assume the financial risk is significant.  California law states that the losing party must pay the prevailing party's cost.  As such, if Plaintiff would have not prevailed in this case, Mr. Diaz would have been subjected to a cost award in the amount of tens of

- 23 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**

thousands of dollars.  Mr. Diaz is also releasing all claims, not just wage and hour claims, as part of his release in this case.

Furthermore, Mr. Diaz is still working as a pharmacist in the same industry as Defendant. This lawsuit is public record and he risks being blackballed from his line of work if other pharmacy chains find out about this case. This is a real risk to Mr. Diaz and his livelihood.

Finally, as a result of Mr. Diaz's lawsuit and effort, Plaintiff and Class Counsel achieved an incredible result. 100% of the Class Members are participating in the settlement, there are zero opt outs and objections and the average Class Member will receive a settlement payment of approximately $2,576.48 and the highest will be approximately $15,696.66. Based on all these factors, Plaintiff's Counsel believes that the $15,000 for Class Representative Diaz is fair and reasonable. (*See* Decl. of Class Representative Ricardo Diaz).

Courts have routinely granted approval of settlements containing such Enhancements. In *League of Martin v. City of Milwaukee*, 588 F.Supp. 1004 (E.D. Wis. 1984), the Court held that the proposal settlement properly granted the named Plaintiff individual relief. It is "not uncommon for Class Members…to receive special treatment in settlement…[The Plaintiff]…had been instrument in prosecuting this lawsuit since the date it was filed." *Id* at 1024. In *Kyriazi v. Western Elec. Co.,* 527 F.Supp.18 (D.N.J. 1981), a named Plaintiff in a Title VII class action was awarded individual relief of back-pay and interest, reinstatement, punitive damages and counsel fees. Similarly, in *Women's Committee for Equal Employment Opportunity v. NBC,* 76 F.R.D. 173 (SDNY 1977), the Court approved as fair a settlement that included awards to 16 named Plaintiffs of virtually all the damages they sought.

In *Lo Re v. Chase Manhattan Corp.,* 1979 U.S. Dist. LEXIS 12210, 19 FEP Cas. (BNA) 1366 (SDNY 1979), the Court approved payment of $229,000 out of a

- 24 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

$1,579,000 settlement fund to the named Plaintiffs for their individual claims. One of the factors considered by the Court in determining that such payments were fair

was the fact that none of the absent Class Members objected to the Enhancements. The Court held that this fact showed that the Class Members were not offended by these Enhancements. *Id* at p. 17. In the present case, Class counsel will submit a declaration from the claims administrator Rust Consulting to advise the Court if there are any objections to this request.

Here, this litigation has resulted in a valuable benefit to all of the Class Members who are participating because of the named Plaintiff, and the Enhancement should be awarded for this commitment and dedication to the litigation.  The Plaintiff is entitled to the requested Enhancement for the extensive work performed.  He was unwilling to settle the class action until he felt it was in the best interests of the Classes.  The Plaintiff always put the interests of the Classes before his own interests.  Accordingly, the Enhancement is fair and reasonable.

## X.
## CONCLUSION

Therefore, Plaintiff respectfully requests the Court to grant final approval of the class action settlement, as the settlement provides substantial benefit to the Class Members that is fair, reasonable, and adequate.  Likewise, the request for attorneys' fees, costs and Class Representative Enhancement is fair, reasonable and adequate. The standard for final approval has been met.

Dated: February 12, 2018          LAW OFFICES OF KEVIN T. BARNES

                                  By:   */s/ Kevin T. Barnes*
                                        Kevin T. Barnes, Esq.
                                        Attorneys for Plaintiffs

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT**