JS 6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| ANTONIO DIAZ, on behalf of himself and all others similarly situated, | Case No. CV 16-257 DSF (JEMx) |
|---|---|
| Plaintiffs, | **ORDER AWARDING ATTORNEY FEES, COSTS, AND CLASS REPRESENTATIVE ENHANCEMENT** |
| vs. | |
| ALBERTSON'S LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive, | |
| Defendants. | |

     Having read and considered Plaintiff's Motion for Final Approval of Class Action Settlement, Attorney Fees, Costs, and Class Representative Enhancement, including the Supplemental Declaration of Kevin T. Barnes, the Court rules as follows:

1.    By separate order, this Court approved the settlement as fair, reasonable, and adequate.

2.    As Class Counsel acknowledges in the Memorandum of Points and Authorities, the Ninth Circuit has established 25% as the benchmark for a reasonable fee award. Staton v. Boeing, 327 F.3d 938, 968 (9th Cir. 2003); Vizcaino v. Microsoft, 290 F.3d 1043, 1048 (9th Cir. 2002). "[U]nusual circumstances" are required to justify a departure. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989); accord In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 (9th Cir. 2011) (holding there must be an "adequate explanation in the record of any 'special circumstances' justifying a departure").

3.    The Court finds most of the grounds Class Counsel proffers for a fee of one-third of the common fund are not particularly valid. Contrary to Class Counsel's assertion, there is little risk that plaintiffs will not prevail in any even arguably meritorious California wage and hour class action. Class actions involving wage and hour claims under California law have become ubiquitous. Both state and federal courts in California are inundated with such claims. There is an overabundance of competent attorneys from law firms of all sizes willing to handle such actions. In addition, counsel as experienced as Class Counsel professes to be can certainly evaluate the merits of proposed class actions and take only those with a high likelihood of success (which nearly always means settlement). In addition, there is rarely anything so unique about a particular wage and hour case that experienced plaintiffs' counsel cannot use much of the research

- 1 -

and previously drafted documents in any of their pending cases – as well as in the inevitable future cases.  The Court has no reason to believe Defendant in this case felt any more strongly about its defenses or argued any more vociferously for its position than in any other wage and hour case.  In wage and hour cases there are rarely a significant number – if any – opt outs or objectors.  The Court agrees that counsel should not be penalized for handling the case efficiently.  But neither should more funds than are appropriate be deducted from the Class Members' recovery simply because counsel was efficient.  In any case where the court awards fees based on the percentage of the fund method, it behooves counsel to be as efficient as possible.

4. Nevertheless, this case presented some unique issues, and there was a substantial recovery, which the Court finds justifies a percentage somewhat higher than the Ninth Circuit benchmark. Considering all the relevant factors, the Court concludes a fee of 30% is appropriate.

5. Class Counsel submits that the lodestar is $374,965 and that the fee request represents a 1.42 multiplier.  The Court has reviewed the evidence supplied by counsel in support of the lodestar cross-check, but the information fails to comply with the Court's requirements and is otherwise inadequate.  But even the records provided convince the Court that the lodestar amount is overstated.  Class Counsel overcharged for tasks that should only take seconds to complete, and other tasks appear to have been inappropriately "block-billed," which would justify a reduction of those entries by at least 20%.  See Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007).  But the Court need not calculate a lodestar figure in this case, as it agrees with Class Counsel that the percentage of the fund method is appropriate here.  The Court therefore makes no determination of the reasonableness of the hourly rate suggested by counsel.  Suffice it to say that nothing in counsel's submission suggests to the Court that a percentage greater

than 30% – which still provides a multiplier – is appropriate here. Therefore, the Court awards Class Counsel $470,186.10 for attorney fees[1].

6. The Court considered Class Counsel's Supplemental Declaration, which supports the costs requested. Therefore, the Court awards costs in the amount of $32,713.73.

7. Plaintiff requests a class representative enhancement of $15,000. He states that he spent approximately 100 hours dealing with this litigation, including attending his deposition and the mediation. Although there was little actual risk that Plaintiff would be required to pay Defendant's fees if he or the Class did not prevail, he identifies no actual claims he is waiving pursuant to the general release, and he apparently has suffered no risk of being blackballed, the Court finds that under the unique circumstances of this case $15,000 is appropriate, and awards that amount.

**IT IS SO ORDERED.**

DATED: April 2, 2018

Dale S. Fischer
United States District Judge

---

[1] The Court has deducted the costs award from the gross settlement amount in calculating the award. It is not appropriate to award Class Counsel an additional 30% of the costs.