JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DIAZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTSON'S LLC, a Delaware limited liability company; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No. CV 16-257 DSF (JEMx)<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENT** |

The Plaintiff Class, as defined below, and the settling Defendant Albertson's LLC have entered into an agreement to settle the above-captioned class action, subject to the Court's approval. The Settlement provides for the payment of compensation to each Class Member who was employed as a non-exempt Pharmacist by Albertson's LLC in California from March 22, 2013 to October 31, 2017.

Pursuant to the Preliminary Approval Hearing and Order, this Court granted preliminary approval to the Settlement. The Preliminary Approval Order also approved the Notice of Class Action Settlement and the notice plan. The Court

- 1 -

entered the Preliminary Approval Order.

In compliance with the Preliminary Approval Order, notice was sent to all Class Members via first-class mail. Multiple follow-up mailings were performed for returned mail. The notice plan was timely completed.

This matter is now before the Court on Plaintiff's Motion for Final Approval of the Class Action Settlement, Attorney Fees, Costs and Class Representative Enhancement. The Court has read, heard, and considered all the pleadings and documents submitted, and the presentations made in connection with the Motion, which came for hearing on March 19, 2018. This Court finds that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court finds that the settlement was entered into in good faith. The Court further finds that the settlement is fair, reasonable, and adequate and that Plaintiff has satisfied the standards for final approval of a class action settlement under federal law. Under the provisions of Rule 23 of the Federal Rules of Civil Procedure, the Court has discretion to certify a Class where questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and where a class action is superior to the available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. Proc. 23(b)(3).

Certification of a Class is appropriate in this case.

Based on the foregoing, **IT IS ORDERED THAT:**

1. This Court has jurisdiction over the claims of the settlement Class Members asserted in this proceeding and over all parties to the action.

2. For the reasons set forth in the Preliminary Approval Order, which are adopted and incorporated here by reference, this Court finds that the applicable requirements of Rule 23 have been satisfied with respect to the Settlement Class and the proposed settlement.

3. The Class Definition is:

All non-exempt Pharmacists employed by Albertson's LLC in California from March 22, 2013 to October 31, 2017.

4. The notice given to the settlement Class Members fully and accurately informed the Class Members of all material elements of the proposed settlement and of their opportunity to object or comment; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with all applicable law. The summary notices fairly and adequately described the settlement and provided Class Members adequate instructions and a variety of means to obtain additional information. A full opportunity has been afforded to the settlement Class Members to participate in this hearing, and all settlement Class Members and other persons wishing to be heard have been heard. The Court determines that all settlement Class Members who did not timely and properly opt out are bound by this judgment and order.

5. The Court grants final approval to the settlement and finds that it is fair, reasonable, and adequate, and in the best interests of the settlement Class Members as a whole. The Court directs that the settlement be effected in accordance with the Amended Class Action Settlement Agreement and Joint Stipulation and the following terms and conditions.

6. On Final Approval by the Court of this Settlement, and except as to the right to enforce the terms and conditions of this Stipulation, all Settling Class Members, fully release Defendant and all of its present and former parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, joint ventures (including New Albertson's, Inc., Albertsons Companies, LLC, Safeway, Inc., and Vons Companies, Inc.), and all of their shareholders, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, successors, and assigns, and any other persons acting by through, under or in concert with any of them (Releasees), from any and all claims, debts, liabilities, demands, obligations, penalties, guarantees, costs, expenses, attorney's fees, damages, actions or causes of action of

whatever kind or nature, whether known or unknown, contingent or accrued, that are alleged or that reasonably could have arisen out of the same facts alleged in the Action, and which relate in any way to meal periods, up to and including the date of Final Approval. This Release shall include all claims that were raised, or that reasonably could have been raised, under the applicable Wage Orders, regulations, the Labor Code, Business and Professions Code section 17200, et seq., or any other law, only as related in any way to meal periods. This Settlement is conditioned on this release by Settling Class Members. This release shall be effective from March 22, 2013 through the date of Final Approval.

7. In addition, on Final Approval by the Court of this Settlement, the Class Representative fully and finally releases and discharges Defendant from any and all claims, whether known or unknown, arising any time in the past to the date on which the Class Representative executes the Joint Stipulation of Settlement and Release, whether under federal, state, or local law, statute, ordinance, regulation, common law, or other source of law; whether or not such claims are in the nature of claims for damages, unpaid wages, premium pay, deductions, unreimbursed business expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, missed rest breaks, and other alleged wage-and-hour violations, attorneys' fees, or injunctive relief; and whether sounding in contract or tort. The Class Representative's Released Claims include, but are not limited to, claims arising from or dependent on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.; the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq.; the Age Discrimination in Employment Act, as amended; the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; the Civil Rights Act of 1991; 42 U.S.C. § 1981; Executive Order 11246; Executive Order 11141; the Rehabilitation Act of 1973; the Equal Pay Act; Federal Employee Polygraph Protection Act; the National Labor Relations Act; the Worker Adjustment and Retraining Notification Act; the Genetic Nondiscrimination Act of 2008; the

California Fair Employment and Housing Act, including Government Code Sections 12900, et seq.; the California Family Rights Act; the California Pregnancy Disability Act; and the California Labor Code; any applicable California Industrial Welfare Commission order; and all of their implementing regulations; claims arising from or dependent on federal or local laws or regulations prohibiting discrimination or harassment in employment or otherwise, or enforcing express or implied contracts, requiring employers to deal fairly or in good faith, or restricting an employer's right to terminate employees, wrongful discharge, wrongful termination in violation of public policy, constructive termination, retaliation, defamation, conspiracy, infliction of emotional distress (intentional or negligent), invasion of privacy, assault, battery, physical or personal injury, emotional distress, fraud, negligent misrepresentation, misrepresentation, or any other tort, or any law, such as California Business & Professions Code Section 17200.  Notwithstanding the foregoing, nothing in this Settlement releases any claims that cannot be released as a matter of law.  Nothing in this agreement shall affect or interfere with the Class Representative's right to participate, cooperate, initiate, or assist in an investigation or proceeding conducted within Defendant or by any government agency (including but not limited to the Equal Employment Opportunity Commission), oversight board, commission or other regulatory or investigative body.  However, the Class Representative is waiving any right to receive any individual remedy, such as money damages, in connection with any such investigation or proceeding, including but not limited to any judicial action brought on the Class Representative's behalf by any government agency.   In addition, as to the Class Representative's Released Claims, the Class Representative shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he may otherwise have had relating to the Class Representative's Released Claims pursuant to Section 1542.

8. It is ordered that a Class Representative Enhancement of $15,000 for the Class Representative, Plaintiff Antonio Diaz, is fair and reasonable, and is to be paid from the common fund.

9. It is ordered that the attorneys fee request of $470,186, $32,713.73 as costs of litigation, and $20,000 as costs for the Claims Administrator fees are fair and reasonable, and are to be paid from the common fund.

10. Without affecting the finality of this matter, this Court shall retain exclusive and continuing jurisdiction over this action and the parties, including all settlement Class Members, for purposes of supervising, administering, implementing, enforcing, and interpreting the settlement and the claims process.

## JUDGMENT

In accordance with, and for the reasons stated in this Order, judgment shall be entered whereby the representative Plaintiff and all settlement Class Members shall take nothing from Defendant, except as expressly set forth in the Joint Stipulation of Settlement and Release, which was previously filed, as part of Plaintiff's Motion for Preliminary Approval of the Class Action Settlement as limited by this Order.

**IT IS SO ORDERED.**

Dated: April 2, 2018

Honorable Dale S. Fischer
United States District Judge